**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

JAKE HENRY DETZLER,

|   |   |
|---|---|
| *Petitioner* | CRIM. CASE NO: 1:16-cr-20628 |
| | CIV. CASE NO.: 1:18-cv-10260 |
| *v.* | DISTRICT JUDGE THOMAS L. LUDINGTON |
| | MAGISTRATE JUDGE PATRICIA T. MORRIS |

UNITED STATES OF AMERICA,

             *Respondent.*

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ON PETITIONER'S 28 U.S.C. § 2255 MOTION**
**TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
**(Doc. 24)**

## I.  RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **DENIED.**

## II.  REPORT

### A.  Introduction

Petitioner Jake Henry Detzler's 28 U.S.C. § 2255 motion to vacate his prison sentence (Mot. to Vacate, Doc. 24), is before the Court under an order of reference from United States District Judge Thomas L. Ludington. (Doc. 26.)

On September 21, 2016, Petitioner Jake Henry Detzler ("Petitioner" or "Detzler") pleaded guilty to two counts of abusive sexual contact in violation of 18 U.S.C. §13, 1151, 1153, and 2244(a)(1) pursuant to a Rule 11 plea agreement. (Doc. 16.)  A judgment filed on January 12, 2017, sentenced Petitioner to 120 months' incarceration on each count, to be served consecutively, and five years of supervised release on each count, to be served consecutively. (Doc. 23 at ID 90-91.) Petitioner did not file an appeal.

On January 17, 2018, Petitioner filed the instant motion to vacate sentence pursuant to 28 U.S.C. § 2255. (Doc. 24.) The government responded (Doc. 29.), and Petitioner replied. (Doc. 30.)

**B.     Standard of Review**

To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)).

Claims previously brought and denied on appeal are generally not available to petitioners on collateral attack absent "highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). This rule works to prevent claimants from using collateral attacks to repackage arguments lost on appeal as ineffective assistance of counsel claims. Stated differently, a movant "cannot use a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal." *Clemons v. United States*, No. 3:01-CV-496, 3:97-CR-16, 2005 WL 2416995, at *2 (E.D. Tenn. Sept. 30, 2005) (citing *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996)). *Accord, Lossia v. United States*, No. 04-80422, 2010 WL 3951078, at *4 (E.D. Mich. July 1, 2010). These

claims, however, are not waived by failing to bring them on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense–not what bears a false label of 'strategy'–based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id*. at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id*. at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process. In

*Lockhart v. Fretwell*, the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

506 U.S. 364, 369 (1993) (citations omitted).

### C.    Analysis and Conclusions

Petitioner contends that counsel was ineffective because: (1) he failed to object "to the multiplicity in counts One and Two" because the counts "charge the same criminal conduct" and "thus all alleged acts constituted a single course of conduct"; (2) he failed to challenge whether the level of force matched the element of 18 U.S.C. §2241(a)(1); (3) he failed to obtain and review material counsel knew the prosecutor would rely on as evidence including discrepancies in the victim's statements; and (4) he provided erroneous advice concerning the possible sentencing exposure, causing Petitioner to enter into a plea agreement he otherwise would not have accepted. (Doc. 24 at ID 108-09.)

As to Petitioner's first argument, counsel could not have been ineffective for failing to object to the counts charging the same conduct because the factual bases for the plea reveal at least two different criminal acts. The factual basis as stated in the plea agreement notes that Petitioner took off his pants and "then grabbed the back of A.A.H.'s head and pushed her head down until his penis was in A.A.H.'s mouth" "three or four times" before the victim "got away from Detzler and went into her bedroom and tried to shut the door." (Doc. 16 at ID 30.) Petitioner then followed her into the bedroom, shut the door, laid down beside her, "repeatedly asked if A.A.H. 'wanted'

4

him. A.A.H. told him 'no.' Detzler then got on top of A.A.H. and pulled down her pants and underwear. Detzler then put his tongue in A.A.H.'s vagina. Detzler then took off his pants and got on top of A.A.H. Detzler then grabbed both of A.A.H.'s legs and held them down toward her head while he inserted his penis into A.A.H.'s vagina. Detzler laid on top of her during this act. The weight of his body made it impossible for A.A.H. to move. Detzler put his hand over her mouth so she couldn't make noise. A.A.H. told Detzler to stop and get off of her. Instead Detzler again inserted his penis into her vagina and toucher her buttock and inner thigh....Detzler told A.A.H. that she better not tell anyone because if she did he could get in trouble and go to prison." (Doc. 16 at ID 31.) The victim feared serious injury and these incidents caused her to "have pain and bleeding from the vagina for a week." (Doc. 16 at ID 31.) The victim was thirteen years old at the time of the offense. (*Id*.) Petitioner affirmed this factual basis during the plea-taking process. (Doc. 22 at ID 83-86.)

In *United States v. Tom*, 961 F.2d 217 (9th Cir. 1992)(Table), 1992 WL 86583, at *1, the Court held that, in order to avoid the prohibition against charging a single offense in several counts, multiple convictions for sexual abuse must show sexual acts occurring at different times and places. The Court further found several separate offenses were properly charged where the victim pushed the defendant away several times but the victim was caught by the defendant and sexually assaulted again in different locations all in the same continuous evening. In the instant case, the victim was forced into oral sex three or four times, then tried to escape by running into her bedroom and was then forcibly penetrated vaginally with Petitioner's tongue and penis. Thus, the assaults occurred in two different locations and were properly considered two different counts

even under the test set forth in *Tom*. Therefore, counsel was not ineffective for failing to argue that the convictions violated the prohibition against multiple convictions for a single offense.

As to Petitioner's second argument, regarding the force element of §2241(a)(1), Petitioner was not convicted under §2241(a)(1), which requires the defendant to have used "force" against the victim or have threatened or placed the victim "in fear that any person will be subjected to death, serious bodily injury, or kidnapping." Instead, as part of the plea bargain Petitioner received, he was convicted under §2244(a)(1). However, since §2244(a)(1) cross-references §2241(a)(1), Petitioner's argument should still be considered. The amount of force this element requires, however, is easily satisfied on the instant facts. Circuit courts have held that use of force sufficient to restrain a person is sufficient. *United States v. Bercier*, 506 F.3d 625, 628 (8th Cir. 2007) (holding the victim's legs apart is sufficient force); *United States v. Allery*, 139 F.3d 609, 611 (8th Cir. 1998) (where defendant laid on top of the victim and resisted her attempts to push him away, force was used); *United States v. Lauck*, 905 F.2d 15, 18 (2nd Cir. 1990) (violence is not necessary, force as evidenced by restraint alone is sufficient). Petitioner's grabbing the victim's head and pushing her down, lying on top of the victim in such a manner as to prevent her from any movement at all, holding her legs down and holding her mouth so she could not scream all satisfy the force element. Accordingly, counsel was not ineffective for failing to argue the force element was not met.

Petitioner's third argument does not explain what discrepancies or inconsistencies existed. Accordingly, Petitioner has not adequately developed this argument and it cannot support his petition. 28 U.S.C. §2255 (requiring petition to "state the facts supporting each ground").

Petitioner's fourth argument, that his counsel was ineffective in advising him during the plea process, is also unavailing. Petitioner knew his sentence would be 240 months. In the plea agreement, Petitioner waived his right to withdraw his plea, withdraw from the agreement, and appeal his conviction on any grounds, and he waived his right to appeal his sentence as long as his sentence did not exceed 240 months. (Doc. 16 at ID 36.) The plea agreement set forth the maximum penalty of ten years' imprisonment and five years to life of supervised release on each count. (Doc. 16 at ID 29.) The plea agreement also provided that the Petitioner's agreed-upon guideline range was 240 months. (Doc. 16 at ID 32.) Petitioner was sentenced to 240 months, 120 months on each of the two counts, to be served consecutively. (Doc. 23.) Petitioner was on notice that he would be facing a sentence of 240 months.

In addition, as noted at the plea hearing, Petitioner pleaded guilty to an information that reduced the initial higher charges of aggravated sexual abuse to abusive sexual contact, reducing the maximum penalties from a mandatory minimum of 30 years' imprisonment to life down to a maximum of 10 years' imprisonment on each count. (Doc. 7; Doc. 16; Doc. 22 at ID 64-65.) Petitioner indicated, at the plea hearing, that he understood the benefit of the bargain this plea agreement gave him. (Doc. 22 at ID 66.) Petitioner also indicated that he understood the terms of the plea agreement and that he was satisfied with counsel's advice. (Doc. 22 at ID 69.) Petitioner was told he could not appeal his conviction and could not argue later that he did not understand what was happening or what his sentence could be; he was asked to bring forth any questions about the plea-taking process during the hearing and Petitioner indicated that he would. (Doc. 22 at ID 79-80.) Petitioner was then asked if he understood that he would not be able to appeal his sentence at all since the agreement provided he could not withdraw from the agreement, withdraw his plea,

or appeal his sentence unless he was sentenced above the statutory maximum of 240 months, i.e., 120 months for each count. (Doc. 22 at ID 80.) Petitioner indicated he understood. (*Id*.)

Petitioner received the benefit of a sentence that was ten years below the mandatory minimum sentence of thirty years that would have applied had he been convicted of the originally charged offense. Petitioner was well aware of the consequences of his plea, these consequences were reiterated and explained at the plea hearing, and Petitioner indicated he understood and was satisfied with counsel's advice. Counsel cannot be considered ineffective under these circumstances.

I therefore recommend that the petition be denied.

### D.   Evidentiary Hearing

Section 2255 states that

> [u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007).On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted). Additionally,

> [t]he words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists.

*United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. I therefore suggest that Petitioner is not entitled to a hearing on any of the allegations raised in his motion.

### E.    Conclusion

For the reasons set forth above, I recommend denying Petitioner's motion.

## III.    <u>REVIEW</u>

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  March 13, 2018

S/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge

## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Jake Henry Detzler #54939039 at Coleman II U.S. Penitentiary Inmate Mail/Parcels, P.O. Box 1034, Coleman, FL 33521.

Date: March 13, 2018

By s/Kristen Castaneda
Case Manager