UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAKE HENRY DETZLER,

        Petitioner,                  Case. No. 16-cr-20628

v.                                        Honorable Thomas L. Ludington
                                           Magistrate Judge Patricia T. Morris

UNITED STATES OF AMERICA,

        Respondent.
_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, DENYING MOTION TO VACATE, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

On September 21, 2016, Petitioner Jake Henry Detzler (Petitioner) pled guilty to two counts of abusive sexual contact in violation of 18 U.S.C. §13, 1151, 1153, and 2244(a)(1). ECF No. 16. A judgment filed on January 12, 2017, sentenced Petitioner to 120 months' incarceration on each count, to be served consecutively, and five years of supervised release on each count, to be served consecutively. ECF No. 23. Petitioner did not file an appeal. On January 17, 2018, Petitioner filed the instant motion to vacate his sentence pursuant to 28 U.S.C. § 2255 based on ineffective assistance of counsel. ECF No. 24. The motion was referred to Magistrate Judge Patricia T. Morris. ECF No. 26. The government responded (ECF No. 29), and Petitioner replied (ECF No. 30).

**I**.

In his motion to vacate, Petitioner alleges four errors by his counsel. First, Petitioner contends his counsel failed to object to the multiplicity in counts one and two of the indictment, which Petitioner contends constituted a single, continuous course of conduct as opposed to two distinct criminal acts. Mot. at PGID 108, ECF No. 24. Second, Petitioner contends his counsel

erred in failing to challenge "whether the alleged level of 'force' used by the defendant in the charged conduct, was a categorical match to the force element in 18 U.S.C. 2241(a)(1)." *Id.* at PGID 109. Third, Petitioner contends his counsel failed to investigate and review material evidence, including "the stark and axiomatic discrepancies (and 'reasonable doubt' raised by those discrepancies), as contained in the statements of the victim and that of the eyewitness to the alleged crime." *Id.* Fourth, Petitioner contends that his counsel provided erroneous advice concerning his sentencing exposure, which caused him to accept a plea agreement he would not have otherwise accepted. *Id.* Judge Morris found that Petitioner had failed to satisfy the two-prong test set forth in *Strickland v. Washington.* 466 U.S. 668 (1984), and that Petitioner had identified no factual issue to be explored at an evidentiary hearing. Accordingly, Judge Morris recommended denying Petitioner's motion. ECF No. 31. Petitioner filed objections to Judge Morris's report and recommendation. ECF No. 32.

## II.

### A.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept,

reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

**B.**

To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of section 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a section 2255 motion alleging non-constitutional error only by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Watson v. United*

*States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)).

Claims of ineffective assistance of counsel are governed by the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, (1984). First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense – not what bears a false label of 'strategy' – based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable effect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id.* at 693. Failure to make the required showing under either prong of the Strickland test defeats the claim. *Id.* at 700.

### III.

Petitioner raises two objections to Judge Morris's report. The objections will be addressed in turn.

### A.

First, Petitioner objects to Judge Morris's finding that he had not sufficiently articulated the discrepancies he was referring to in his third claim. Obj. at 1. Petitioner claims Judge Morris erred in failing to recognize that he is not a trained attorney, and should not be held to the standard of a trained attorney considering he is proceeding pro-se. Petitioner correctly points out that pro se pleadings are held to a less stringent standard than pleadings drafted by lawyers. *See*

*Haines v. Kerner*, 404 U.S. 519, 521 (1972). However, the fact that Petitioner is not a trained attorney does not render him incapable of specifying what he meant by "the stark and axiomatic discrepancies . . . as contained in the statements of the victim and that of the eyewitness to the alleged crime." Mot. at PGID 109. Rather than making any attempt to identify the factual discrepancies he was referring to, Petitioner devoted more attention to quoting Supreme Court cases establishing broad principles of law, and he offered almost no accompanying explanation of how those legal principles apply to the facts of his case.

Petitioner's third claim essentially invited Judge Morris to comb through the evidentiary record to see if she could identify any potential discrepancies. Irrespective of the fact that petitioner is proceeding pro se, it is not the Court's role to advocate on Petitioner's behalf, which Judge Morris properly declined to do. *See Rawe v. Liberty Mutual Fire Insurance Co.*, 462 F.3d 521, 525 (6th Cir. 2006) (issues raised in a cursory fashion and not developed may be deemed waived). Petitioner now makes some attempt to explain the factual discrepancies between the statements of the witness and victim. The time to do so, however, was in his petition. The Court will not address these issues for the first time in response to objections to Judge Morris's report. *See United States v. King*, 248 F. Supp. 3d 1062, 1066 (D.N.M. 2017) (quoting *Marshall v. Chater*, 75 F.3d. 1421, 1426 (10th Cir. 1996)) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). Accordingly, his first objection will be overruled.

**B.**

Next, Petitioner takes issue with Judge Morris's finding that his counsel was not ineffective during the plea process:

> In the R&R, the magistrate takes the position that, because Mr. Detzler received the benefit of a sentence of ten years below the mandatory minimum of thirty

> years as charged, he cannot claim ineffective assistance under the circumstances. In response, Mr. Detzler would submit that if he were guilty as charged he would agree with the magistrate. However, a sentence-of even one day-imposed for an offense never committed is hardly a bargain.

Obj. at 3. Petitioner misunderstands the basis for Judge Morris's conclusion. Her conclusion was predicated in large part on Petitioner's testimony at the plea hearing that he understood the consequences of his plea. Petition now objects to Judge Morris's finding by baldly asserting his innocence. This is not a valid objection, nor does it attempt to explain why he should be relieved from the consequences of pleading guilty. Accordingly, his second objection will be overruled.

**IV.**

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must be issued. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Having considered the matter, the Court concludes that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of

appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**V.**

Accordingly, it is **ORDERED** that Petitioner's objections to the report and recommendation, ECF No. 32, are **OVERRULED**.

It is further **ORDERED** that the Magistrate Judge's report and recommendation, ECF No. 31, is **ADOPTED**.

It is further **ORDERED** that Petitioner's motion to vacate, ECF No. 24, is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED.**

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 31, 2018

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 31, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager